**Opinion filed November 19, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00134-CR
_____

## EX PARTE STEFAN THOMAS ALMOND

**On Appeal from the County Court
Scurry County, Texas
Trial Court Cause No. CR-0158-08**

## MEMORANDUM OPINION

Appellant, Stefan Thomas Almond, seeks habeas corpus relief from a 2008 conviction for the Class C misdemeanor offense of assault. Appellant filed a pro se application for writ of habeas corpus in the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.072, .09 (West 2015). In the application, Appellant asserted a claim related to the State allegedly failing to comply with the terms of the plea bargain agreement in the assault case and the effect that the assault conviction has had on two subsequent felony convictions. The trial court denied Appellant's application. We affirm.

On appeal, Appellant presents five related issues. In his first issue, Appellant contends that the trial court erred when it found his application to be frivolous. In his second and fourth issues, Appellant asserts that the trial court's findings of fact and conclusions of law are erroneous. In the third issue, Appellant contends that, due to the trial court's "self-interest" in the plea bargain agreement, the trial court abused its discretion and allowed a fundamental miscarriage of justice when it ruled on Appellant's application. In his final issue, Appellant asserts that the grounds shown in his application are cognizable and have merit.

We review the trial court's ruling on a habeas application under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An applicant seeking postconviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). Cognizable habeas corpus claims are limited to claims of "jurisdictional or fundamental defects and constitutional claims." *Ex parte Tuley*, 109 S.W.3d 388, 393–94 (Tex. Crim. App. 2002) (quoting *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002)). We view the evidence presented in the light most favorable to the trial court's ruling. *Wheeler*, 203 S.W.3d at 324; *Kniatt*, 206 S.W.3d at 664. The trial court is the sole finder of the facts, and the appellate court must afford almost total deference to a trial court's findings of fact when those findings are supported by the record. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (applying the standard from *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (same).

The record reflects that Appellant was charged by information in Cause No. CR-0158-08 with the offense of assault family violence for causing bodily injury to a member of his household, a Class A misdemeanor. *See* TEX. PENAL CODE

ANN. § 22.01(a)(1), (b) (West Supp. 2020). Appellant waived his rights, including the right to counsel and the right to trial by jury, and entered a plea of guilty. Appellant asks this court to either hold the State to the specific performance of the plea bargain agreement or permit Appellant to withdraw his guilty plea. However, the clerk's record does not contain the terms of any plea bargain agreement, and there is no reporter's record from the plea proceedings. Moreover, the judgment in Cause No. CR-0158-08 reflects that Appellant was convicted of the lesser offense of simple assault, a Class C misdemeanor, instead of the Class A assault family violence as charged in the information. The judgment in Cause No. CR-0158-08 does not mention family violence.

The trial court found that Appellant was not entitled to any relief on his application for writ of habeas corpus in Cause No. CR-0158-08. We agree. On the record before us, we cannot hold that the trial court abused its discretion when it denied Appellant's application for writ of habeas corpus. We have considered each of Appellant's issues on appeal, and we overrule all five of them.

In addition to the five issues presented in his brief, Appellant also requests that we instruct two district courts to issue a writ of habeas corpus in two felony cases: (1) one of which involves a conviction for the felony offense of assault family violence based upon the use of the conviction in Cause No. CR-0158-08 as a prior conviction involving assault family violence and (2) the second of which involves the felony offense (possession of a controlled substance) for which Appellant is currently incarcerated. Appellant asserts that his felony conviction for assault family violence was used to enhance his punishment for possession of a controlled substance.

Even if it were clear from the record that Appellant's conviction in Cause No. CR-0158-08 was improperly used in Appellant's subsequent felony convictions, we could not grant the relief requested by Appellant. We have no jurisdiction to

instruct the district courts to issue a writ of habeas corpus when the applicant has been convicted of a felony; the Court of Criminal Appeals has exclusive jurisdiction in such matters. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *see* CRIM. PROC. art. 11.07.

On the record before us, we cannot conclude that the trial court abused its discretion when it denied Appellant's application for writ of habeas corpus in Cause No. CR-0158-08. Accordingly, we affirm the order of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


November 19, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.